## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

9?? 4/3/19

DMcR 4/3/19
Email 4/8/19
To Kasser 4/8/19

| | |
|---|---|
| Judge or Division:<br>JOEL P FAHNESTOCK | Case Number: 1916-CV04435 |
| Plaintiff/Petitioner:<br>MAGGIE MUJAHID | Plaintiff's/Petitioner's Attorney/Address<br>GERALD GRAY II<br>104 WEST 9TH STREET<br>SUITE 401<br>KANSAS CITY, MO 64105 |
| **vs.** | |
| Defendant/Respondent:<br>CITY OF KANSAS CITY MISSOURI | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | KANSAS CITY, MO 64106 |
| | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:** CITY OF KANSAS CITY MISSOURI
**Alias:**

414 E. 12TH ST
KANSAS CITY, MO 64106

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

27-MAR-2019
_____        _____
Date                                        Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*              Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                            Date                              Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 19-SMCC-3233** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:19-cv-00354-HFS   Document 1-1   Filed 05/03/19   Page 1 of 14

Electronically Filed - Jackson - Kansas City - February 16, 2019 - 11:54 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI AT KANSAS CITY

| | | |
|---|---|---|
| **MAGGIE J. MUJAHID**<br>**8709 E. Bannister Terr.**<br>**Kansas City, Missouri 64134** | ) ) ) ) | Case No. _____ |
| **Plaintiff,** | ) ) | Division No. _____ |
| v. | ) ) | |
| **CITY OF KANSAS CITY, MISSOURI**<br>**414 E. 12th Street**<br>**Kansas City, Missouri 64106** | ) ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) ) | |

### PETITION FOR DAMAGES

COMES NOW, Plaintiff, MAGGIE J. MUJAHID ("Plaintiff or Ms. Mujahid") by and through counsel, and for her complaint for Damages against Defendant, CITY OF KANSAS CITY, MISSOURI ("Defendant or City"). Plaintiff states and alleges as follows:

1.     Plaintiff brings this action against Defendant for discriminatory, retaliatory, and other unlawful conduct in employment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), as result of Defendant's: a) unlawful denial of Ms. Mujahid accommodation based on her disability; b) unlawfully targeting Ms. Mujahid based on her race and age; c) retaliation for asserting her rights pertaining to her disability; d) refusing to consider or provide an accommodation for or to Ms. Mujahid and, thereby, failing to engage in the required interactive process; and e) engaging in other related unlawful acts, conduct, and practices.

2.     The acts, conduct, and practices which form the basis for this action have resulted in Defendant discriminating against Ms. Mujahid on the basis of her race, age and disability with respect to the terms, conditions, and privileges of her employment, and, the procedure or manner in which Defendant has evaluated Ms. Mujahid's qualifications for continued employment opportunities has resulted in prohibited race, age and disability discrimination.

3.     The related acts, conduct and practices of Defendants are a violation of Title VII, the ADEA and the ADA.

4.     The unlawful conduct of Defendant, which deprived Ms. Mujahid of her employment and directly resulted in the significant emotional distress, financial loss and other benefits which he would. have earned and been entitled to.

5.     In violation of Title VII, the ADA, and ADEA, Defendant has repeatedly and continuously retaliated against Ms. Mujahid for engaging in protected activity, including, but not limited to, seeking  an accommodation for her disability and reporting hostile, threatening and offensive conduct of supervisors and co-workers to City management; and her engaging in other conduct protected by law.

### Parties Jurisdiction and Venue

8.     Plaintiff, Ms. Mujahid, is an individual whose permanent residence is located at 8709 E. Bannister Terr, Kansas City, Jackson County, Missouri and is a citizen of the United States of America.  She is a 60-year old African American woman.

9.     City of Kansas City, Missouri is a municipality whose headquarters are located at 414 E. 12th Street in Kansas City, Jackson County Missouri and is an employer within the meaning of the ADEA and ADA.

10.    The City is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency; its own negligence or unlawful conduct; the acts of its agents which it knowingly ratifies; injuries incurred by agents' performance of its non-delegable duties; acts done by agents for which the agency relationship allows or assists the agent to perform; and acts its' agents take by virtue of their position with the City.

11.    Jurisdiction and venue is proper in the State of Missouri, as the Defendant to this action are citizens of Missouri, and the facts and circumstances providing the basis for the Plaintiff's claim all occurred in Missouri.

12.    Plaintiff filed a charge of discrimination against Defendant with the Missouri Commission on Human Rights ("MCHR") on May 9, 2018 regarding claims of race, sex, disability and age discrimination as well as retaliation and other unlawful acts, conduct, and practices set forth within those charges and arising out of and related to that therein are included with this Complaint.

13.    Plaintiff received a Notice of Right to Sue from the EEOC with respect to said charge on November 16, 2018; this action is brought within 90 days of the issuance of said Notice of Right to Sue. (A copy of the right to sue letter is attached as Exhibit A).

14.    Plaintiff has exhausted all her administrative remedies with the EEOC.

15.    Plaintiff has fully complied with any and all prerequisites to jurisdiction in this Court under Title VII, the ADEA, the ADA, and related law.

## FACTUAL ALLEGATIONS

16.    Ms. Mujahid began her employment with the City in 2001.

17.    Ms. Mujahid is currently employed with the City in the Tow Lot Division since March 2015.

Electronically Filed - Jackson - Kansas City - February 16, 2019 - 11:54 PM

18.  Ms. Mujahid has performed her job duties in a satisfactory manner throughout her employment with the City.

19.  After being transferred to the tow lot, management has repeatedly made comments suggesting that Ms. Mujahid is not fit for a position at the tow lot.

20.  Ms. Mujahid missed a significant amount of time at work due to a medical condition.

21.  Ms. Mujahid reported her medical disability to Defendant and sought an accommodation.

22.  Some of the time Ms. Mujahid missed was due to a work-related injury which caused further tension with management in the tow lot.

23.  Defendant failed to provide Ms. Mujahid with an accommodation within a reasonable time after he returned to work from medical leave.

24.  Defendant has been denied training and advancement opportunities despite numerous requests and inquires about advancement opportunities.

25.  While performing her job duties, Ms. Mujahid was targeted with verbal abuse and threatening behavior from a management level employee without justification.

26.  On several occasions, a management level employee of the City made offensive comments to Ms. Mujahid regarding her disability and accommodation requests arising to the level of reprimands.

27.  Ms. Mujahid reported the treatment he received from the management level employee after the first incident of discrimination but the treatment continued and worsened.

28.  Ms. Mujahid continues to be forced to work extended hours without proper compensation.

29.  Ms. Mujahid is her family's only source of income and being denied compensation from Defendant creates a substantial hardship on him and her family. Ms. Mujahid has suffered lost

wages and benefits from Defendant, for past earnings that he would have been entitled to and received, but for, her discriminatory and unlawful treatment.

30.    In addition to the severe economic loss suffered by Ms. Mujahid and her family, he has also suffered significant anxiety, depression, stress, anger and humiliation.

## COUNT I-
### Prohibited Discrimination (in Violation of the Americans with Disabilities Act of 1990 ("ADA"), as Amended, 42 U.S.C. 12101 et seq.)

COMES NOW, the Plaintiff, and for Count I. of her cause of action for discrimination pursuant to 42 U.S.C. 12101 et seq. states:

31.    Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained in this Petition as if fully set forth herein this Paragraph.

32.    Ms. Mujahid is a disabled person as defined by the ADA.

33.    Ms. Mujahid is qualified, with or without reasonable accommodation, to perform the essential functions of her job.

34.    The ADA imposes on employers an absolute duty to determine whether or not they can accommodate an employee's disability. Absent that consideration, the law has been violated.

35.    Moreover, after engaging in the required interactive process, the employer can only deny a request: 1) if it imposes an undue hardship; or 2) if the employee cannot perform the essential functions of the job with or without the accommodation.

36.    The ADA does not permit an employer to refuse to consider an employee's disability or to provide an accommodation for such simply because the employee performs the essential functions of the job at issue without an accommodation.

37.    The City discriminated against Ms. Mujahid because of her disability.

38.     As a result of the unlawful acts and conduct of the City, as described in part herein, Plaintiff has suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees, (the exact amount of which will be determined at trial).

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 42 U.S.C. 12101 et seq. and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT II-
### Prohibited Race and Sex Discrimination (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*)

COMES NOW, the Plaintiff, and for Count II, of her cause of action for race discrimination pursuant to 42 U.S.C. §§ 1981 et seq. ("Title VII") states:

39.     Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition as though fully set forth herein.

40.     Defendant subjected Ms. Mujahid to harassment and discriminatory conduct including discipline and lost opportunities to advance her employment because of Ms. Mujahid's race, which makes her a member of a protected class.

41.     Other, similarly situated employees of Defendant were not subjected to the harassment and discriminatory treatment alleged that was endured by Ms. Mujahid during her employment with Defendant in the tow lot.

42.     Ms. Mujahid was subjected to harassment and discriminatory conduct because she is an African-American woman.

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 42 U.S.C. 1981 *et seq*. and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

### COUNT III-
**Prohibited Discrimination (in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.)**

COMES NOW, the Plaintiff, and for Count III. of her cause of action for discrimination pursuant to 29 U.S.C. §§ 621 *et seq*. ("ADEA") states:

43.     Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein this Petition as if fully set forth herein this Paragraph.

44.     Plaintiff is a 60-years old African American woman.

45.     Plaintiff was discriminated against because of her age.

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 29 U.S.C. 621 *et seq*. and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

### COUNT IV-
**Prohibited Retaliation (in Violation of the ADA, as Amended, 42 U.S.C. 12203 (a)); (in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.); (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e et seq.)**

COMES NOW, the Plaintiff, and for Count IV of her cause of action for Retaliation pursuant to 42 U.S.C. 12203 (a), the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.); Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*) states:

46.     Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein this Petition as if fully set forth herein this Paragraph.

47.     Ms. Mujahid engaged in protected activity.

48.     Ms. Mujahid has suffered an adverse employment action as a consequence of her engaging in protected activity and reporting discrimination, retaliation and a work-related injury.

49.     There is a direct causal connection between Ms. Mujahid's protected activity and the adverse employment action.

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 42 U.S.C. 12203 (a), the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.); Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*) and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

### COUNT V-
**Retaliation for Worker's Compensation**
**(in violation of RSMo. 287.780)**

COMES NOW, Ms. Mujahid, and for Count V of the Petition, retaliation pursuant to RSM0. 287.780 states:

50.    Petitioner hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein this Petition as if fully set forth herein this Paragraph.

51.    Ms. Mujahid was disciplined and denied employment opportunities in whole or in part because she reported her work-place injury to management at Defendant.

52.    Upon Ms. Mujahid reporting her diagnosis to management, she was treated adversely by management who denied her worker's compensation claim and ultimately denied her employment opportunities and treated her adversely upon her return to duties from her injuries.

0WHEREFORE, Ms. Mujahid prays for the Court to find that Defendant has violated RSMo. 287.780 and therefore, Petitioner is entitled to recovery for pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

i)     Defendant is ordered to make Plaintiff whole by providing appropriate back and front pay and benefits, with prejudgment interest, in amounts to be proved at trial

ii)    Plaintiff is awarded extraordinary and/or equitable relief as permitted by law, equity and any and all applicable statutory provisions related hereto;

iii)   Plaintiff is awarded all compensatory, restitutionary, and/or remedial relief;

iv)    Plaintiff is awarded pre-judgment interest and post-judgment interest, as well as her reasonable attorneys' fees, expert witness fees and other costs; and,

v)     Plaintiff is awarded such other legal and equitable relief as the Court deems appropriate and just.

Electronically Filed - Jackson - Kansas City - February 16, 2019 - 11:54 PM

Electronically Filed - Jackson - Kansas City - February 16, 2019 - 11:54 PM

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all of the allegations contained in this Petition that are triable before a jury.

RESPECTFULLY SUBMITTED,

/s/ *Gerald Gray II*

Gerald Gray II, #67476
**G. GRAY LAW, LLC**
104 W. 9TH STREET, SUITE 401
KANSAS CITY, MO 64105
(O) 816-888-3145
(F) 816-817-4683
ggraylaw@outlook.com

ATTORNEY FOR PLAINTIFF

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | |
|---|---|
| | FEPA |
| X | EEOC |

**1916-CV04435**

## Missouri Commission on Human Rights

and EEOC

| NAME (Indicate Mr., Ms., Mrs.)<br>**Ms. Maggie J. Mujahid** | | HOME TELEPHONE (Include Area Code)<br>**(816) 548-6839** | |
|---|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | | DATE OF BIRTH |
| 8709 E Bannister Ter. Kansas City, MO 64134 | | | 07/06/1958 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>**City of KCMO/NHSD/Tow Lot Division** | NUMBER OF EMPLOYEES, MEMBERS<br>**262 in Department 12 in The Division** | TELEPHONE (Include Area Code)<br>**816 513-3200** |
|---|---|---|
| STREET ADDRESS   CITY, STATE AND ZIP CODE<br>414 E 12th St, City Hall, 4th Floor. Kansas City, MO 64106 | | COUNTY<br>**Jackson** |
| NAME<br>**Tow Lot Division /Nate Pare** | | TELEPHONE NUMBER (Include Area Code)<br>**(816)513-0692** |
| STREET ADDRESS   CITY, STATE AND ZIP CODE<br>7750 E Front Street, Kansas City, MO 64106 | | COUNTY<br>**Jackson** |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | | | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA/EPA)        LATEST (ALL)<br>03/08/2015 |
|---|---|---|---|
| [X] RACE   [X] COLOR   [X] SEX | [ ] RELIGION   [X] AGE | | |
| [X] RETALIATION | [ ] NATIONAL ORIGIN   [X] DISABILITY | [ ] Other | [X] CONTINUING ACTION |

**PARTICULARS:**

I have been employed with the City of Kansas City for over 17 years. Since accepting a position in Administration A at the Tow Lot Division March of 2015, I have been discriminated and retaliated against against by management in numerous ways such as but not limited to: being denied leadership and development opportunities, denied overtime, having my pay/hours docked or reduced, being given unfavorable schedules and job assignments and had leave arbitrarily denied because of my medical condition, my age, race and for reporting the treatment I've received since moving to this department.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>05/8/18<br>Date<br>04/25/2018<br><br>*signature*<br>Charging Party (Signature)<br>Maggie J. Mujahid | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

MAGGIE MUJAHID,

<table>
<tr><td><strong>PLAINTIFF(S),</strong></td><td><strong>CASE NO.</strong> 1916-CV04435</td></tr>
<tr><td>VS.</td><td>DIVISION 9</td></tr>
</table>

CITY OF KANSAS CITY MISSOURI,

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable JOEL P FAHNESTOCK on 03-JUN-2019 in DIVISION 9 at 09:00 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a.  A trial setting;

b.  Expert Witness Disclosure Cutoff Date;

c.  A schedule for the orderly preparation of the case for trial;

d.  Any issues which require input or action by the Court;

e.  The status of settlement negotiations.

Case 4:19-cv-00354-HFS   Document 1-1   Filed 05/03/19   Page 13 of 14

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ JOEL P FAHNESTOCK
JOEL P FAHNESTOCK, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
GERALD GRAY, 104 WEST 9TH STREET, SUITE 401, KANSAS CITY, MO 64105

Defendant(s):
CITY OF KANSAS CITY MISSOURI

Dated: 22-FEB-2019

**MARY A. MARQUEZ**
Court Administrator