IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MAGGIE MUJAHID | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-00354-CV-W-HFS |
| | ) | |
| CITY OF KANSAS CITY, MO., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

In this employment discrimination case, defendant, City of Kansas City, Missouri, has filed a motion to dismiss (Doc. 5), pursuant to Fed.R.Civ.P. 12(b)(6). In response, plaintiff has filed a motion for remand. (Doc. 8).

Background

Plaintiff began employment with defendant in 2001, and currently works in the Tow Lot Division. (Petition: ¶¶16-17). Plaintiff claims that upon transfer to the Tow Lot in March of 2015, management repeatedly made comments suggesting she was not fit for the position. (Id: ¶ 19). Plaintiff alleges that she missed a significant amount of time from work due to a medical disability as well as lost

time due to a work-related injury. (Id: ¶¶ 20, 22). Plaintiff claims that she sought, but was denied accommodation, and was denied training and advancement opportunities while being subjected to verbal abuse and threatening behavior. (Id: ¶¶ 21, 23-26).[1]

Plaintiff commenced this action in the Circuit Court of Jackson County, Missouri, and asserted claims for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981; age discrimination pursuant to 29 U.S.C. § 621, and the Americans with Disabilities Act (ADA) pursuant to 42 U.S.C. § 12101. Plaintiff also claimed retaliation for the assertion of her disability rights.

After plaintiff filed suit in state court, defendant removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446(d)[2], claiming that original jurisdiction exists based on the federal claims alleged under race, age, and disability discrimination.

Plaintiff resists defendant's motion and argues that the case was not removable based on her claim of retaliation under worker's compensation, pursuant to 28 U.S.C. § 1445(c).

## Discussion

---

[1] Subsequent to the commencement of this action, plaintiff states that she was ultimately terminated after her return to work after receiving treatment for her work-place injuries. (Motion to Remand: § 65).
[2] It appears that defendant supports removal on a federal question basis under 28 U.S.C. § 1331, rather than diversity of citizenship under 28 U.S.C. 1332(a).

Preliminarily, it is noted that although the motion to remand was filed subsequent to the dismissal motion, a question of whether federal jurisdiction exists requires initial review. The question of subject matter jurisdiction must be resolved before the defendant's motion to dismiss may be considered, and a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court. Samland v. Turner Enterprises, Inc., 2012 WL 3104143 *3 (D.Neb.); see also, Zavanna, LLC v. RoDa Drilling Co., 2009 WL 3720177 * 11 (D.N.D). Thus, the question of removability of this action as it pertains to the state law claim of retaliation will be ruled before proceeding further.

A defendant may remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending. Johnson v. Harris Waste Management Group, Inc., 2014 WL 4656500 *4 (W.D.Ark.); citing, 28 U.S.C. § 1441(a). Original jurisdiction can take the form of the diversity and amount in controversy requirements of 28 U.S.C. § 1332, or on the basis of a federal question pursuant to 28 U.S.C. § 1331. Wood v. American Residential Services, L.L.C., 2011 WL 1660564 *1 (E.D.Mo.). However, removal statutes must be strictly construed because they impede upon

states' rights to resolve controversies in their own courts. Id. Therefore, although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. Id; citing, In re Bus. Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993).

As noted above, the issue presented is whether this court can exercise jurisdiction over claims that arise under Missouri's workers' compensation laws. In Count V of the Petition, plaintiff alleges retaliation in violation of RSMo. § 287.780, Missouri's Workers Compensation Chapter. Based on this allegation, plaintiff argues that the case was not removable pursuant to 28 U.S.C. § 1445(c) which reads:

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

Under 28 U.S.C. § 1445(c), a civil action in any State court arising under the worker's compensation laws of such State may not be removed to any district court of the United States. Johnson v. Harris Waste Management Group, Inc., 2014 WL 4656500 * 2 (W.D. Ark.); Wood v. American Residential Services, L.L.C., 2011 Wl 1660564 *2 (E.D.Mo.). Thus, if § 1445 (c) applies, the case is not

removable even if there is subject matter jurisdiction based on diversity or federal question. Burris v. Zale Delaware, Inc., 2009 WL 3762987 * 2 (W.D.Mo.); citing, Humphrey v. Sequentia, Inc., 58 F. 3d 1238, 1245 (8th Cir. 1995)(holding that plaintiff's action for retaliatory discharge under Mo.Rev.Stat. § 287.780 arose under Missouri's workers compensation laws and was not removable under 28 U.S.C. § 1445(c). Id.[3] However, not every claim brought under a provision within the worker's compensation legislation automatically precludes such an action from being heard in federal court. Johnson, at *2. For instance, section 1445(c) would not apply to a claim which is completely preempted by federal law and only facially arises under a state's worker's compensation law. Id.

Defendant does not dispute the basic premise of non-removability of some actions arising under a state's worker's compensation laws, but argues that, as a governmental employer, the retaliation claim fails because it is entitled to sovereign immunity. In support of this argument, the City cites state and federal cases finding that governmental employers are entitled to sovereign immunity to claims raised under RSMo. § 287.780, absent an express and pleaded waiver.[4]

---

[3] See e.g., Johnson v. Agco Corp., 159 F.3d 1114, 1116 (8th Cir. 1998) (noting that § 1445(c) prevented removal of a retaliatory discharge claim under Mo.Rev.Stat. § 287.780 even though there was diversity of citizenship among the parties). Burris, at *1.
[4] See, Nichols v. City of Kirksville, 68 F.3d 245, 248 (8th Cir. 1995); Krasney v. Curators of the University of Missouri, 765 S.W.2d 646, 650 (Mo. Ct. App. 1989); Wyman v. Mo. Dep't of Mental Health, 376 S.W.3d 16, 18-22 (Mo. Ct. App. 2012); King v. Probate Division, Circuit Court of County of St. Louis, 958 S.W.2d 92, 93 (Mo. Ct. App. 1997).

None of the cases cited by defendant involved consideration of RSMo. § 287.780 where a motion to remand remained pending. Instead, the rulings regarding § 287.780 involved either the absence or presence of sovereign immunity as it pertained to the defendant state-actors.

Here, the court is obligated to first consider the propriety of jurisdiction in this matter. And in so doing, review of the Petition shows that in Count V plaintiff alleges that she was disciplined and denied employment opportunities in retaliation for reporting a work-place injury, and was treated adversely upon her return to work from her injuries. Similar to the plaintiffs in Johnson, Wood, and Burris, plaintiff's right to relief is controlled by Missouri's worker's compensation statute and necessarily depends on resolution of a substantial question of that statute. Thus, plaintiff's claim arises under Missouri's worker's compensation statute and was, therefore, not removable under 28 U.S.C. § 1445(c). Humphrey, at 1247.

Plaintiff requests remand of all claims, or alternatively, severance and remand of the state claim. 28 U.S.C. § 1441(c) permits, but does not require, severance and remand of state claims when, as here, a separate and independent claim within federal question jurisdiction is joined with one or more otherwise non-removable claims. Humphrey, supra (where amended complaint included

federal claims in addition to the retaliatory discharge claim under § 287.780, the case should have been remanded to the state court from which it was removed).

Plaintiff also requests fees and costs associated with the remand motion. Because defendant had an objectively reasonable basis to remove the case to federal court, the request for fees and costs will be denied.

Accordingly, it is hereby

ORDERED that plaintiff's motion to remand (Doc. 8) is GRANTED, and the Clerk of the Court is directed to REMAND this action to the Circuit Court of Jackson County, Missouri at Kansas City.[5]

                                                    */s/ Howard F. Sachs*
                                                  HOWARD F. SACHS
                                                  UNITED STATES DISTRICT JUDGE

September 12, 2019
Kansas City, Missouri

---

[5] Presumably, this case could again be removed if the partial motion to dismiss is granted by the Circuit Court.